**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                                      4:03-CR-00166-SWW

**KENNETH DEWAYNE BONE**


**ORDER DENYING SENTENCE REDUCTION**

      Pending is Defendant's *pro se* Motion to Reduce Sentence (Doc. No. 65).  Defendant requests a reduction of his sentence under 18 U.S.C. § 3582(c)(2), based on the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.  After reviewing the case, the Court finds that Defendant is not entitled to a reduction of his sentence.

      Not every person sentenced for a crack cocaine offense is eligible for a sentence reduction.  Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.C. § 2D1.1, are potentially eligible.  Even then, there are some defendants for whom the recalculated guideline range, using amended § 2D1.1, will be more than the sentence that was imposed.  In such cases, the defendant is not entitled to a sentence reduction.

      Defendant was originally sentenced to a statutory maximum sentence of 60 months.  His original guideline range was 151-188.  Applying the amended version of § 2D1.1, Defendant's recalculated guideline range is 130-162.  Both the original and recalculated guideline ranges applicable in this case are <u>greater</u> than the 60 month statutory maximum sentence that was imposed.  Additionally, Defendant is serving a sentence determined by statute rather than the sentencing guidelines.

2

**CONCLUSION**

Since Defendant's sentence is unaffected by the retroactive crack cocaine amendment to § 2D1.1, the Motion to Reduce Sentence (Doc. No. 65) is DENIED.

IT IS SO ORDERED this 2nd day of April, 2008.

<u>/s/Susan Webber Wright</u>
UNITED STATES DISTRICT JUDGE